IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
WALTER B. MORRIS,                          :     CIVIL ACTION
                      Petitioner,          :
                                           :
       v.                                  :     NO. 13-3721
                                           :
JEROME WALSH and DISTRICT ATTORNEY          :
OF CHESTER COUNTY, et al.,                 :
                      Respondents.         :
_____:

Henry S. Perkin, M.J.                                           October 9, 2013

## REPORT AND RECOMMENDATION

Presently before the Court is a *pro se* Petition for Writ of Habeas Corpus filed by the Petitioner, Walter B. Morris ("Petitioner"), pursuant to 28 U.S.C. section 2254. Petitioner is currently incarcerated in the State Correctional Institution in Dallas, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

## I. PROCEDURAL HISTORY.[1]

On March 24, 1985, Petitioner murdered Bernadette Adams in her apartment in West Chester, Pennsylvania by bludgeoning her for at least twenty to thirty minutes, stabbing her at least 5 times, and breaking several bones. Petitioner then removed Ms. Adams' body and other evidence from her apartment and cleaned the scene to conceal his crime. He later beheaded and dismembered Ms. Adams and scattered her remains in a secluded area. Nearly two months

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response to the Petition and the Appendix to the Response. The state court record was ordered on September 9, 2013. On September 30, 2013, the Clerk's Office informed Chambers that the state court record was unavailable as it was then before the Pennsylvania Superior Court. Because all of the exhibits submitted both by Petitioner and Respondents fully document the factual basis of the Petition, we find it unnecessary to wait for receipt of the official state court record before issuing this Report and Recommendation.

later on May 11, 1985, Ms. Adams' body parts were recovered.  On April 12, 1985, Petitioner was arrested and charged with Ms. Adams' murder on the strength of a fingerprint found in blood on a light bulb in her apartment.  On November 4, 1985, Petitioner entered a guilty plea to the charge of Criminal Homicide generally.  On December 9, 1985, a degree of guilt hearing began before Judge Sugerman and continued through several sessions, concluding with final argument on March 14, 1986.  On March 27, 1986, Judge Sugerman found Petitioner guilty of first-degree murder and sentenced him to life in prison without the possibility of parole.

Petitioner filed a direct appeal and on June 8, 1987, the Pennsylvania Superior Court affirmed the judgment of sentence.  Commonwealth v. Morris, 3144 Phila. 1986, 531 A.2d 33 (1987) (Table, No. 03144PHL86).  On March 31, 1988, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  Commonwealth v. Morris, 546 E.D. Allocator Docket 1987, 541 A.2d 1136 (Pa. 1988)(Table, No. 546 E.D.ALLOC.DKT.87).

In January of 1997, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  See 42 Pa. C.S.A. § 9541, et seq.  Counsel was thereafter appointed to represent Petitioner.  On June 10, 1998, the PCRA petition was dismissed after Petitioner moved to withdraw it in open court.

On August 22, 2012, Petitioner filed a second *pro se* PCRA petition.  See Resp., App'x. C.  Petitioner argued that the United States Supreme Court decision in Miller v. Alabama, 132 S.Ct. 2455 (2012), in which the Court held that a mandatory sentence of life in prison without the possibility of parole was unconstitutional for an offender who committed the crime as a juvenile applied to him.  Although Petitioner was forty-two years old when he murdered Ms. Adams, he argued that Miller applied to him pursuant to the equal protection doctrine.  On

August 30, 2012, the PCRA court issued a Notice of Intent to Dismiss the second PCRA petition as untimely. Petitioner did not respond to the court's notice of intent to dismiss. Thus, on October 18, 2012, the PCRA court dismissed the PCRA petition, finding that it was an untimely filed petition. Resp., App'x. C. On November 15, 2012, Petitioner filed a notice of appeal from the dismissal of the PCRA petition, and on August 23, 2013, the Pennsylvania Superior Court affirmed the November 15, 2012 dismissal of the PCRA petition. See Resp., App'x. D, E, F; Commonwealth v. Morris, 3200 EDA 2012 (Pa. Super. 2013).

On June 26, 2013, Petitioner filed the instant Petition for a Writ of Habeas Corpus containing two claims: (1) mandatory life without parole terms for adults in non-homicide and homicide cases violate state and federal protection clauses as well as Article 7 of the Universal Declaration of Human Rights; and (2) Petitioner's mandatory sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment; Petitioner's sentence must be vacated and Petitioner must be individually re-sentenced on the most severe lesser-included offense. See Mem. In Supp. Pet. Petitioner signed the Petition on June 20, 2013, and it was docketed by the Clerk of Court on June 26, 2013. See Doc. No. 1. Pursuant to the prison mailbox rule, this Court will consider the date of filing as June 20, 2013. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997) (motion is deemed timely filed on date petitioner gave petition to prison officials to mail). Included in Petitioner's Memorandum in Support of the Petition is a request to stay any action on this Petition and hold it in abeyance until the retroactivity issue in Miller is decided.

Respondents filed their Response to the instant Habeas Petition on October 1, 2013. See Doc. No. 5. They contend that the Petition is time-barred and that Miller and its

3

progeny do not apply in Petitioner's case. Having reviewed the documents of record in this case, as well as the state court record, we offer this Report and Recommendation.

## II. DISCUSSION.

### A. Whether the Petition is Statutorily Time-Barred.

Pursuant to section 104(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] which was enacted April 24, 1996 and amended 42 U.S.C. section 2254, the statute under which the instant Petition for Writ of Habeas Corpus was filed, federal courts are required to give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[3] However, if direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly

---

[2] Pub.L. 104-132, 110 Stat. 1214.

[3] 28 U.S.C. section 2244 requires that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of sentence became final on June 29, 1988, ninety days after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal and the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See U.S. S.Ct. R. 13 (allowing ninety days to file a petition for writ of certiorari); Beard v. Banks, 542 U.S. 406, 411 (2004); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Petitioner had one year subsequent to the April 24, 1996 effective date of AEDPA to properly file a habeas action in the absence of any statutory or equitable tolling.

  **B.**  **The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling**.

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d)(enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

  1. Statutory Tolling.

With respect to Petitioner's PCRA filing, the limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA one-year statutory time

5

period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On April 24, 1996, Petitioner's one-year AEDPA limitation period commenced. Petitioner's first pro se PCRA petition tolled the AEDPA limitation period from January 1997 through June 10, 1998, when Petitioner withdrew that petition in open court. He had approximately six months thereafter to timely file a federal habeas petition, until December, 1998. The instant Petition was filed on June 20, 2013, fifteen years after the expiration of the one-year habeas deadline, therefore statutory tolling is inapplicable. Pace v. Guglielmo, 125 S.Ct. 1807, 1814 (2005)("we hold that time limits, no matter their form, are 'filing conditions,' and so the pendency of the untimely PCRA is not a basis for statutory tolling.") The present Petition is statutorily time-barred.

We note that Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1). Petitioner does not allege, nor is there evidence to demonstrate, that state action prevented the timely filing of his habeas action. 28 U.S.C. § 2244(d)(1)(B). Moreover, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D). Petitioner is also ineligible for a recalculation of the AEDPA deadline pursuant to Section 2244(d)(1)(C).

Petitioner alleges that he is entitled to relief in light of Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455 (2012), and argues that its holding should be extended to those who were older than the age of 18 when the homicide occurred. On June 25, 2012, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time the crime was committed violates the Eighth Amendment of the Constitution. Miller, 132 S.Ct. at 2474. More specifically, the Supreme Court held that the Eighth Amendment requires an

6

opportunity for individualized sentencing before a juvenile offender can be sentenced to life imprisonment without parole for a homicide offense. Id. Petitioner is arguing that his federal habeas petition is timely filed pursuant to 28 U.S.C. § 2244(d)(1)(C), which provides that a petitioner has one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

      Petitioner was born in October of 1942 and was forty-two years old at the time he murdered Ms. Adams in March of 1985. The holding of Miller is not applicable to Petitioner. Petitioner's argument that his new claim arose when Miller was decided and is a newly asserted constitutional right, fails. Petitioner's claim is not actually based upon the law as set forth in Miller, but rather upon an argument that the law should be extended to persons over the age of 18. This is not an argument based upon a new rule of law established in the past year, but instead is an argument that the law should be changed. Accordingly, 28 U.S.C. § 2244(d)(1)(C) does not help Petitioner. See generally, Mobley v. Coleman, 2013 WL 3943141 (E.D. Pa. July 31, 2013) (Hey, M.J.) (approved and adopted by Tucker, J.); Hall v. Lamas, 2013 WL 1187047 (E.D. Pa. Feb. 7, 2013) (approved and adopted, 2013 WL 1189242 (E.D. Pa. March 22, 2013) (Bartle, J.)). The current habeas petition is not subject to statutory tolling.

      2. Equitable Tolling

      We must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the Petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted). The limitation period may be

tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

To be entitled to equitable tolling, [Petitioner] must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007)(quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted). None of the circumstances which warrant equitable tolling apply in this case to render the instant Petition timely. Fahy, 240 F.3d at 244. Accordingly, the Petition is time-barred.

**C.** **Petitioner's Request for Stay.**

Included in Petitioner's Memorandum in Support of the Petition is a request to stay any action on this Petition and hold it in abeyance until the retroactivity issue in Miller is decided. Because Miller is not applicable since Petitioner was forty-two years old at the time he murdered Ms. Adams, it is recommended that Petitioner's request for a stay should be denied.

8

D. **Certificate of Appealability.**

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to this Petition.

For all of the above reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 9th day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1) should be DENIED with prejudice and DISMISSED without an evidentiary hearing. IT IS ALSO RECOMMENDED that the Petition should not be stayed. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. R. 72.1. Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE